UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

IN RE:

SOUTHWEST GEORGIA ETHANOL, LLC,

Debtor.

CHAPTER 11

Case No. _____

## MOTION FOR ESTABLISHMENT OF NOTICE PROCEDURES

COMES NOW Southwest Georgia Ethanol, LLC, debtor and debtor in possession ("Debtor") and moves this Court to establish procedures for the provision of notice and service of papers in this Chapter 11 case (the "Motion"). In support of the Motion, the Debtor relies upon and incorporates by reference the Declaration of Lawrence Kamp in Support of First Day Motions, filed concurrently herewith (the "Kamp Declaration"). In further support of the Motion, the Debtor, by and through its undersigned counsel, respectfully represents:

### JURISDICTION

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of this Chapter 11 case and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. The predicates for the relief requested herein are Federal Rules of Bankruptcy Procedure 2002(m), 5005(a)(2), and 9036.

### BACKGROUND

2.      On the date hereof (the "Petition Date"), the Debtor filed its voluntary petition for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code"). The

Debtor is authorized to operate its business as a debtor in possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3. No creditors' committee has been appointed by the United States Trustee in this Chapter 11 case. No trustee or examiner has been appointed in this Chapter 11 case.

4. A description of the Debtor's business, the reasons for filing this Chapter 11 case, and the relief sought from this Court to allow for a smooth transition into operations under Chapter 11 are set forth in the Kamp Declaration filed with the Court.

## RELIEF REQUESTED

5. By this Motion, the Debtor seeks entry of an order (the "Order"), pursuant to Federal Rules of Bankruptcy Procedure 2002(m), 5005(a)(2), and 9036, and Local Bankruptcy Rule 5005-4, authorizing the Debtor to limit notice of most contested matters to interested parties contained on a master service list and otherwise regulating the manner and form of notice and service of papers in this Chapter 11 case.

## BASIS FOR RELIEF

6. Hundreds of creditors and other parties in interest may be entitled to receive notice of various proceedings in the Debtor's Chapter 11 case, including certain matters described in Bankruptcy Rule 2002. Providing notice of all pleadings and papers filed in this Chapter 11 case to each of these parties is unnecessary and would impose burdensome and costly photocopying and postage expenses on the Debtor's estate.

7. Accordingly, the Debtor proposes to establish a master service list (the "Master Service List") that would initially include the following parties in interest: (a) counsel for the Debtor; (b) the Office of the United States Trustee; (c) counsel for any official committee appointed in this Chapter 11 case; (d) counsel for the Agents (as defined in the Kamp

Declaration); (e) the Debtor's other prepetition lenders; (f) the twenty (20) largest unsecured creditors of the Debtor; (g) the Debtor's Class A Member and the Debtor's Class B Member; and (h) any party that has formally appeared and requested service of all papers in the Debtor's Chapter 11 case pursuant to Rule 2002 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

8.   The Debtor requests that the proceedings for which notice would be limited to the parties on the Master Service List (as such list may be amended from time to time, as set forth below) include all matters covered by Bankruptcy Rule 2002, except for the following: (a) notice of the first meeting of creditors pursuant to Section 341 or 1104(b) of the Bankruptcy Code; (b) notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c); (c) notice of the time fixed for filing objections and the hearing to consider approval of a disclosure statement; (d) notice of the time fixed for filing objections and the hearing to consider confirmation of a plan of reorganization; and (e) notice of and transmittal of ballots for accepting or rejecting a plan of reorganization. Notice of the foregoing proceedings would be provided to all creditors and other parties in interest in accordance with Bankruptcy Rule 2002, at their last address known to the Debtor, unless otherwise ordered by the Court or otherwise prescribed by the Bankruptcy Code.

9.   The Debtor will update the Master Service List on a monthly basis to include the names and addresses of any creditor or other party in interest not on the most recent version of the Master Service List who requests in writing notice of all proceedings in the Debtor's Chapter 11 case. The Debtor will file an updated Master Service List with the Court if there are any such changes.

ATLANTA:5282368.1

10. In addition to the parties on the Master Service List, the Debtor will provide notice of a particular pleading or proceeding to any creditor or other party in interest whose interests are likely to be affected directly by the pleading or proceeding. Upon the completion of providing notice of any particular matter, the Debtor will file with the Court a certificate of service identifying the parties who were served.

11. If notice is limited to the Master Service List in the manner provided above, the Debtor believes that the administration of its Chapter 11 case will be more efficient and cost-effective. Furthermore, because all creditors and other parties in interest will have the right to request notice of all proceedings in this Chapter 11 case and to be included on the Master Service List at any time, the Debtor believes that the notice procedures requested herein will not prejudice the rights of any creditor or other party in interest. Accordingly, the Debtor believes that the relief requested is in the best interests of its estate and creditors.

12. The Debtor also requests that any party participating in the Court's Electronic Case Filing system not be required to serve pleadings and papers by mail on any other party participating in the Electronic Case Filing System, except as provided in LBR 5005-4.

## NO PRIOR REQUEST

13. No previous request for the relief sought herein has been made to this or any other court.

## NOTICE

14. No trustee, examiner, or creditors' committee has been appointed in this Chapter 11 case. Notice of this Motion will be given to: (a) the Office of the United States Trustee; (b) Jennifer C. Hagle, Esq., counsel to the Agents (as defined in the Kamp Declaration); and (c) all

parties included on the Debtor's list of twenty (20) largest unsecured creditors. The Debtor submits that, under the circumstances, no other or further notice is required.

## CONCLUSION

WHEREFORE, the Debtor respectfully requests that the Court enter an Order, substantially in the form annexed hereto, granting the relief requested in the Motion and such other and further relief as may be just and proper.

This 1st day of February, 2011.

                                  MCKENNA LONG & ALDRIDGE LLP

                                  <u>s/ J. Michael Levengood</u>
                                  Gary W. Marsh
                                  Georgia Bar No. 471290
                                  J. Michael Levengood
                                  Georgia Bar No. 447934
                                  303 Peachtree Street, Suite 5300
                                  Atlanta, Georgia 30308
                                  404-527-4000 (phone)
                                  404-527-4198 (fax)
                                  <u>gmarsh@mckennalong.com</u>
                                  <u>mlevengood@mckennalong.com</u>

                                  *Proposed Counsel for Southwest Georgia Ethanol, LLC, Debtor in Possession*

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| IN RE:<br><br>SOUTHWEST GEORGIA ETHANOL, LLC,<br><br><br>Debtor. | CHAPTER 11<br><br>Case No. _____ |

ORDER ESTABLISHING NOTICE PROCEDURES

Upon the motion (the "Motion")[1] of the Debtor for an order to establish procedures for the provision of notice and service in this Chapter 11 case and upon the Kamp Declaration; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtor, its estate, its creditors, and other

---

[1] Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the Motion.

parties in interest; and after due deliberation thereon and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1. The Motion is GRANTED.

2. The Debtor shall establish a master service list (the "Master Service List") that shall initially include the following parties in interest: (a) counsel for the Debtor; (b) the Office of the United States Trustee; (c) counsel for any official committee appointed in this Chapter 11 case; (d) counsel for the Agents (as defined in the Kamp Declaration); (e) the Debtor's other prepetition lenders; (f) the twenty (20) largest unsecured creditors of the Debtor; (g) the Debtor's Class A Member and the Debtor's Class B Member; and (h) any party that has formally appeared and requested service of all papers in the Debtor's Chapter 11 case pursuant to Bankruptcy Rule 2002.

3. The Debtor shall update the Master Service List monthly and shall file an updated Master Service List with the Court if it includes changes from the last Master Service List filed with the Court.

4. The Master Service List shall clearly identify interested parties and their counsel who participate in the Court's Electronic Case Filing ("ECF") system.

5. Any person filing a pleading or other paper in this Chapter 11 case shall serve such pleading or paper on (a) all parties in interest listed on the most recent Master Service List; and (b) any creditor or other party in interest whose interests are likely to be affected directly by the pleading or proceeding. Such person shall file a certificate of service with the Court identifying the interested parties served. Except as provided in paragraph 7 below, with respect to particular papers, no further service shall be required.

6.  As provided in LBR 5005-4, the electronic filing of a pleading or paper by any person who participates in the ECF system constitutes service of the pleading or paper on any other interested party listed on the Master Service List who participates in the ECF system, and no conventional service on such interested party shall be required; provided, however, that notices required by Bankruptcy Rule 2002(a)(1), (4), (5), (7), (b)(1) and (2) shall be served conventionally in hard copy.

7.  Notwithstanding the foregoing, the following shall be provided to all known creditors and other parties in interest, at their last address known to the Debtor, unless otherwise ordered by the Court: (a) notice of the first meeting of creditors pursuant to Section 341 or 1104(b) of the Bankruptcy Code; (b) notice of the time fixed for filing proofs of claim pursuant to Bankruptcy Rule 3003(c); (c) notice of the time fixed for filing objections and the hearing to consider approval of a disclosure statement; (d) notice of the time fixed for filing objections and the hearing to consider confirmation of a plan of reorganization; and (e) notice of and transmittal of ballots for accepting or rejecting a plan of reorganization.

8.  Within seven (7) days of the entry of this Order, the Debtor shall serve a copy of this Order on all known creditors and parties in interest, at their last address known to the Debtor.

9.  The Court shall retain jurisdiction to hear and determine all matters arising from the implementation of this Order.

- End of Document -

**Prepared and Presented by:**

MCKENNA LONG & ALDRIDGE LLP

s/ J. Michael Levengood
Gary W. Marsh
Georgia Bar No. 471290
J. Michael Levengood
Georgia Bar No. 447934
303 Peachtree Street, Suite 5300
Atlanta, Georgia 30308
404-527-4000 (phone)
404-527-4198 (fax)
gmarsh@mckennalong.com
mlevengood@mckennalong.com

*Proposed Counsel for Southwest Georgia Ethanol, LLC, Debtor in Possession*