# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF GEORGIA
### ALBANY DIVISION

IN RE:

SOUTHWEST GEORGIA ETHANOL, LLC,

Debtor.

CHAPTER 11

Case No. _____

---

## MOTION FOR ORDER UNDER 11 U.S.C. §§ 105(a) AND 366 (I) PROHIBITING UTILITY COMPANIES FROM ALTERING OR DISCONTINUING SERVICE ON ACCOUNT OF PREPETITION INVOICES, (II) APPROVING DEPOSIT AS ADEQUATE ASSURANCE OF PAYMENT, AND (III) ESTABLISHING PROCEDURES FOR RESOLVING REQUESTS BY UTILITY COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT

COMES NOW, Southwest Georgia Ethanol, LLC, the debtor and debtor-in-possession in the above-captioned Chapter 11 case (the "Debtor"), and hereby moves for entry of an order, under section 366 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532, as amended (the "Bankruptcy Code"), (i) prohibiting the Utility Companies (as defined below) from altering or discontinuing service on account of prepetition invoices, (ii) approving the adequate assurance of postpetition payment to be provided to the Utility Companies through the establishment of the adequate assurance arrangements set forth herein, and (iii) establishing procedures for resolving any subsequent requests by the Utility Companies for additional adequate assurance of payment (the "Motion"). In support of the Motion, the Debtor rely upon and incorporate by reference the Declaration of Lawrence Kamp in Support of First Day Motions (the "Kamp Declaration"). In further support of the Motion, the Debtor, by and through its undersigned counsel, respectfully represents:

## JURISDICTION

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of this Chapter 11 case and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105(a) and 366 of the Bankruptcy Code.

## BACKGROUND

2.      On the date hereof (the "Petition Date"), the Debtor filed its voluntary petition for relief under the Bankruptcy Code. The Debtor is authorized to operate its business as a debtor-in-possession pursuant to Sections 1107(a) and 1108 of the Bankruptcy Code.

3.      No creditors' committee has been appointed by the United States Trustee in this Chapter 11 case. No trustee or examiner has been appointed in this Chapter 11 case.

4.      A description of the Debtor's business, the reasons for filing this Chapter 11 case, and the relief sought from this Court to allow for a smooth transition into operations under Chapter 11 are set forth in the Kamp Declaration filed with the Court.

## RELIEF REQUESTED

5.      In connection with the operation of its business, the Debtor obtains services ("Utility Services") from various providers of Utility Services (each a "Utility Company" and, collectively, the "Utility Companies").[1] By this Motion, the Debtor seeks entry of interim and

---

[1]      The Utility Companies known and identified by the Debtor to date are listed on Exhibit A hereto. While the Debtor has used its best efforts to list its Utility Companies in Exhibit A, it is possible that certain Utility Companies may have been inadvertently omitted from the list. Accordingly, the Debtor reserves the right, under the terms and conditions of this Motion and without further order of the Court, to amend Exhibit A to add any Utility Company that was omitted therefrom and to request that the relief requested herein apply to any and all such entities as well. In addition, the Debtor reserves the right to argue that (a) any of the entities now or hereafter listed in Exhibit A are not "utilities" within the meaning of section 366 of the Bankruptcy Code, and (b) any such entity is compelled by contractual obligation, state or local law, or otherwise, to continue to furnish services to the Debtor notwithstanding the Debtor filing for relief under Chapter 11 of the Bankruptcy Code.

ATLANTA:5282374.1

final orders (a) prohibiting the Utility Companies from altering or discontinuing service on account of unpaid prepetition invoices, (b) approving the adequate assurance arrangements set forth herein as providing Utilities Companies with "adequate assurance of payment" under section 366 of the Bankruptcy Code and deeming all utilities entitled to such assurance of payment under section 366 of the Bankruptcy Code to have received adequate assurance of payment pursuant to section 366; and (c) approving the Additional Adequate Assurance Procedures (as defined below) set forth below as the method for resolving disputes regarding adequate assurance of payment. The Debtor requests the immediate entry of an interim order, to be followed by a final hearing (the "Final Hearing") on notice to the Utility Companies identified on Exhibit A to be held within twenty-five (25) days of the Petition Date, and entry of a final order at the conclusion of that hearing.

## BASIS FOR RELIEF

6.      As of the Petition Date, four principal Utility Companies provide Utility Services to the Debtor at its facility: (i) Georgia Power Company ("Georgia Power") for the provision of electricity, (ii) the City of Camilla for the provision of natural gas and internet service, (iii) AT&T for the provision of telecommunication services, and (iv) Verizon Wireless for the provision of telecommunication services. The Utility Companies service the Debtor's ethanol plant as well as the Debtor's administrative offices and any other facility supporting its operations. Prior to the Petition Date, the Debtor had a consistent history of making timely payment for its Utility Services. However, due to the timing of the filing of this Chapter 11 case in relationship to the Utility Companies' billing cycles, and the Debtor's financial situation leading to the filing of this Chapter 11 case, certain utility costs may have been invoiced to the Debtor for which payment is currently due but has not been paid. In addition, the Debtor may

ATLANTA:5282374.1

have incurred utility costs for services provided since the end of the last billing cycle that have not been invoiced to the Debtor.

7.      The services provided by the Utility Companies are crucial to the continued operations of the Debtor.  If the Utility Companies refuse or discontinue service, even for a brief period, the Debtor could be forced to cease operations.

8.      By this Motion, the Debtor preserves the protections that the Utility Companies have under the Bankruptcy Code, while affording the Debtor an opportunity to provide and negotiate adequate protection without facing the threat of imminent termination of Utility Services.  In particular, the Debtor requests approval of certain procedures that balance the protections afforded the Utility Companies under section 366 of the Bankruptcy Code and the Debtor's need for continuous and uninterrupted Utility Services.

A.      **The Proposed Adequate Assurance**

9.      The Debtor intends to pay all postpetition obligations owed to the Utility Companies in a timely manner using operating revenue and in accordance with the Approved Budget (as defined in the Kamp Declaration).  Moreover, the Debtor expects that availability under its proposed debtor-in-possession financing facility will be more than sufficient to pay such postpetition utility obligations.

10.     Nevertheless, to provide additional assurance of payment for future services to Georgia Power, the Debtor proposes to offer Georgia Power a deposit in the amount of $350,000, which amount represents approximately one-month of the Debtor's average amount paid to Georgia Power over the last year and is included in the Debtor's Approved Budget (as defined in the Kamp Declaration).

11.     The Debtor respectfully submits that the City of Camilla requires no deposit for the provision of natural gas and internet service to the Debtor in the postpetition period of this

ATLANTA:5282374.1

Chapter 11 case, in light of the fact that the Debtor has paid all amounts due and owing to the City of Camilla for natural gas consumed and internet services used, and the Debtor anticipates that it will timely pay all amounts that come due to the City of Camilla during the postpetition period of this Chapter 11 case.

12.    The Debtor respectfully submits that AT&T requires no deposit for the provision of telecommunication services to the Debtor in the postpetition period of this Chapter 11 case, in light of the fact that the Debtor anticipates that it will timely pay all amounts that come due to AT&T during the postpetition period of this Chapter 11 case.

13.    The Debtor respectfully submits that Verizon Wireless requires no deposit for the provision of telecommunication services to the Debtor in the postpetition period of this Chapter 11 case, in light of the fact that the Debtor anticipates that it will timely pay all amounts that come due to Verizon Wireless during the postpetition period of this Chapter 11 case.

14.    The Debtor submits that the foregoing constitutes adequate assurance of future payment to the Utility Companies to satisfy the requirements of Section 366 of the Bankruptcy Code.

**B.    The Additional Adequate Assurance Request Procedures**

15.    Notwithstanding the adequate assurance proposed herein, the Debtor anticipates that certain Utility Companies may not find the adequate assurances set forth herein, coupled with the Debtor's ability to pay for future utility services in the ordinary course of business, "satisfactory" and, thus, may request additional adequate assurance of payment pursuant to section 366(c)(2) of the Bankruptcy Code. Accordingly, the Debtor proposes that such requests be addressed pursuant to the following procedures (the "Additional Adequate Assurance Procedures"):

ATLANTA:5282374.1

(a)     In the event that a Utility Company maintains that the adequate assurance arrangements set forth herein are not satisfactory adequate assurance of payment as contemplated by section 366(c)(2) of the Bankruptcy Code, the Utility Company must serve a request (an "Additional Adequate Assurance Request") for adequate assurance on the Debtor via its counsel at the following addresses: McKenna Long & Aldridge, LLP, 303 Peachtree Street, NE, Atlanta, Georgia, 30308 (Attn: J. Michael Levengood), so that it is actually received within thirty (30) days after the Petition Date "Additional Adequate Assurance Request Deadline").

(b)     Any Additional Adequate Assurance Request must: (i) be made in writing, (ii) set forth the location for which Utility Services are provided, (iii) include a summary of the Debtor's payment history relevant to the affected accounts, including any security deposit, (iv) set forth what the Utility Company would accept as satisfactory adequate assurance of payment, (v) explain why the requesting Utility Company believes the proposed adequate assurance arrangements set forth herein are not adequate assurance as future payment and (vi) provide a fax and electronic mail address to which the Debtor may respond to the Additional Adequate Assurance Request.

(c)     The Debtor shall have until twenty-five (25) days after the Additional Adequate Assurance Request Deadline (the "Resolution Period") to negotiate and resolve the requesting Utility Company that serves an Additional Adequate Assurance Request. The Debtor and the applicable Utility Company also may agree to extend the Resolution Period.

(d)     Without further order of the Court, the Debtor may enter into agreements granting additional adequate assurance to a Utility Company serving a timely Additional Adequate Assurance Request, and without further Order of the Court, if the Debtor, in its discretion, determines that the Additional Adequate Assurance Request is reasonable or if the parties negotiate alternate consensual provisions.

(e)     If the Debtor determines that an Additional Adequate Assurance Request is not reasonable and is not able to reach an alternative resolution with the Utility Company during the Resolution Period, the Debtor, during or immediately after the Resolution Period, will request a hearing before the Court to determine the adequacy of assurance of payment with respect to a particular Utility Company, pursuant to section 366(c)(3) of the Bankruptcy Code (the "Determination Hearing").

(f)     Pending resolution of any such Determination Hearing, the Utility Company shall be prohibited from altering, refusing, or discontinuing services to the Debtor on account of unpaid prepetition invoices or any objections to the Debtor's adequate assurance arrangements set forth herein, or due to the commencement of this Chapter 11 case.

ATLANTA:5282374.1

(g) Any Utility Company that does not serve an Additional Adequate Assurance Request by the Additional Adequate Assurance Request Deadline shall be deemed to have received adequate assurance of payment that is satisfactory to such Utility Company within the meaning of section 366(c)(2) of the Bankruptcy Code.

16. The Debtor seeks authority, in its sole discretion, to amend Exhibit A attached hereto to add or delete any Utility Company. To the extent that the Debtor subsequently identifies additional providers of Utility Services, the Debtor proposes to have the terms of the order apply to any such subsequently identified Utility Company. The Debtor will serve a copy of this Motion and the order approving the Motion on such subsequently identified Utility Company, along with an amended Exhibit A listing such Utility Company, such Utility Company would then have thirty (30) days from service of the Motion and order to make an Additional Adequate Assurance Request.

17. In the event that any Utility Company, including a subsequently added Utility Company, files and/or serves an Additional Adequate Assurance Request after the Additional Adequate Assurance Request Deadline, or, if applicable, the subsequent deadline as proposed above, such request shall be treated as a request under section 366(c)(3) of the Bankruptcy Code and shall be granted, if at all, only after the Utility Company making such request schedules such request for hearing, on notice, in accordance with the provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

18. The Debtor maintains that the relief requested herein strikes a fair balance between the rights of the Utility Companies and the rights of the Debtor under the Bankruptcy Code and the need for the Debtor to continue to receive, for the benefit of its estate, the Utility Services upon which its business and operations depend. The Debtor does not believe that the Utility Companies will be prejudiced by the relief proposed herein, the uninterrupted

ATLANTA:5282374.1

continuation of the Utility Services, and the approval of the Additional Adequate Assurance Procedures.

19.     The Debtor requests a Final Hearing on this Motion to be held within twenty-five (25) days of the Petition Date to ensure that, if a Utility Company argues it can unilaterally refuse service to the Debtor on the thirty-first (31st) day after the Petition Date, the Debtor will have the opportunity, to the extent necessary, to request that the Court make such modifications to the Additional Adequate Assurance Procedures in time to avoid any potential termination of Utility Service.

### APPLICABLE AUTHORITY

20.     Section 366(a) of the Bankruptcy Code provides:

> Except as provided in subsections (b) and (c) of this section, a utility may not alter, refuse, or discontinue service to, or discriminate against, the trustee or the debtor solely on the basis of the commencement of a case under this title or that a debt owed by the debtor to such utility for service rendered before the order for relief was not paid when due.

11 U.S.C. § 366(a).

21.     The policy underlying section 366 of the Bankruptcy Code is to protect a debtor from the termination of utility service upon the filing of a bankruptcy case, while at the same time providing utility companies with adequate assurance that the debtor will pay for postpetition services. See H.R. Rep. No. 95-595, at 350 (1978), reprinted in 1978 U.S.C.C.A.N. 5963, 6306, see also Jones v. Boston Gas Co., 369 B.R. 745, 748 (BAP 1st Cir. 2007) ("The purpose of §366 is to prevent the threat of termination from being used to collect pre-petition debts while not forcing the utility to provide services for which it may never be paid."). As set forth herein, this policy is furthered by the relief requested through this Motion.

22.     Pursuant to section 366(c)(2) of the Bankruptcy Code, a utility is permitted to alter, refuse, or discontinue utility service, if the utility does not receive "during the 30-day

ATLANTA:5282374.1

period beginning on the date of the filing of the petition . . . adequate assurance of payment for utility service that is satisfactory to the utility." 11 U.S.C. § 366(c)(2). While the form of adequate assurance of payment may be limited under subsection 366(c) to the types of security enumerated in subsection 366(c)(1)(A), the amount of the deposit or other form of security remains fully within the reasonable discretion of the Court. Section 366(c) gives courts the same discretion they had under section 366(b) to determine the amount of payment necessary to provide adequate assurance. Compare 11 U.S.C. § 366(b) ("On request of a party in interest and after notice and a hearing, the court may order reasonable modification of the amount of the deposit or other security necessary to provide adequate assurance of payment"), with 11 U.S.C. § 366(c)(3)(A) ("On request of a party in interest and after notice and a hearing, the court may order modification of the amount of an assurance payment under paragraph (2).").

23.     As part of the Bankruptcy Abuse and Consumer Protection Act of 2005 ("BAPCPA"), Congress had the opportunity to establish a minimum adequate assurance amount that would be required in each case, but did not. Instead, Congress vested such discretion with the courts to determine the appropriate level of adequate assurance required in each case.

24.     Moreover, as case law has emphasized, the type of arrangement that constitutes adequate assurance of future payment involves a fact-intensive inquiry, determined on a case-by-case basis. See In re Anchor Glass Container Corp., 342 BR, 872, 875 (Bankr. M.D. Fla. 2005). Courts have recognized that adequate assurance of payment does not constitute an absolute guarantee of payment. See, e.g., id.; In re Astle, 338 B.R. 855, 861 (Bankr. D. Idaho 2006); In re Steineback, 303 B.R. 634, 641 (Bankr. D. Ariz. 2004) ("Adequate assurance of payment is not ... absolute assurance. The key to achieving the balance required by § 366 is not to confuse adequate assurance with adequate protection, which must be provided to a creditor under 11

ATLANTA:5282374.1

U.S.C. § 361,"); In re Adelphia Bus. Solutions, Inc., 280 B.R. 63, 80 (Bankr. S.D.N.Y. 2002);

see also In re Caldor, Inc.-N.Y., 199 B.R. 1, 3 (S.D.N.Y. 1996) (section 366(b) "does not require

an "absolute guarantee of payment"), aff'd sub nom. Virginia Elec. & Power Co. v. Caldor, Inc.-

NY, 117 F.3d 646 (2d Cir. 1997); Mass. Elm. Co. v. Keydata Corp. (In re Keydata Corp.), 12

BR. 156, 158 n.2 (B.A.P. 1st Cir. 1981) (recognizing that adequate assurance does not entitle

utilities to "higher protection in chapter 11 than they enjoy in regular dealings with customers

outside the bankruptcy court").

25.     Therefore, section 366 does not give utility companies a blank check or the right

to extract from the Debtor whatever amount of adequate assurance they might desire.  Nor does

section 366 entitle utility companies to receive full collateral for its credit exposure or any other

form of guarantee against all risk of potential nonpayment.  In some cases, a court may even find

that no adequate assurance of payment is necessary.  See Virginia Elec. & Power Co. v. Caldor,

Inc.-NY, 117 F.3d 646, 650 (2d Cir. 1997) ("[W]e agree . . . that a bankruptcy court's authority

to 'modify' the level of the 'deposit or other security,' provided for under § 366(b), includes the

power to require no 'deposit or other security' where none is necessary to provide a utility

supplier with 'adequate assurance of payment.'").

26.     The Debtor submits that the adequate assurance set forth herein provides more

than adequate assurance of future payment.  Furthermore, contemporaneously herewith, the

Debtor is seeking approval of a debtor-in-possession financing facility that will enable it to pay

its operating costs, including utility costs, as they come due.  The Debtor anticipates having

sufficient resources to pay, and intends to pay all valid postpetiton obligations for Utility

Services in a timely manner.  In addition, the Debtor has significant incentive to stay current on

its utility obligations as they come due because of its reliance on the Utility Services for the

ATLANTA:5282374.1

operation of its business.  These factors, which the Court may—and should—consider when determining the amount of any adequate assurance payments, justify a finding that the adequate assurance arrangements set forth herein are sufficient to assure the Utility Companies of future payments.

27.     Conceivably, under section 366(c)(2) of the Bankruptcy Code, the Debtor could receive a demand from a Utility Company at the end of such thirty-day period and be compelled to accede to the demand immediately or face termination of critical Utility Services.  In order to avoid such a drastic result, the Debtor seeks the approval of the Additional Adequate Assurance Procedures set forth herein.

28.     The proposed Additional Adequate Assurance Procedures are necessary for the Debtor to carry out its reorganization efforts.  Without them, the Debtor would be either forced to seek emergency temporary restraining orders each and every time a Utility Company threatened to suspend performance, or to address requests by Utility Companies in an unorganized manner at a critical period in its efforts to reorganize.

29.     By establishing the Additional Adequate Assurance Procedures, the Debtor seeks to implement an orderly process to determine the amount, if any, of assurance of payment that is adequate.  If a Utility Company disagrees with the Debtor's analysis, the Additional Adequate Assurance Procedures will enable the parties to negotiate and, if necessary, seek Court intervention without jeopardizing the Debtor's continuing operations.  The orderly process contemplated by the Additional Adequate Assurance Procedures, therefore, is necessary for a smooth transition by the Debtor into Chapter 11.

30.     The Court also has the authority to grant the relief sought in this Motion pursuant to section 105(a) of the Bankruptcy Code.  Section 105(a) provides that the Court "may issue any

ATLANTA:5282374.1

order, process, or judgment that is necessary or appropriate to carry out the provisions of this title." 11 U.S.C. § 105(a). The purpose of that section is to grant bankruptcy courts the authority to take actions necessary to exercise its power under the Bankruptcy Code.

31.     The Debtor's proposed method of furnishing adequate assurance of payment for post-petition Utility Service is not prejudicial to the rights of any Utility Company, and is in the best interest of the Debtor's estate.

32.     To successfully implement the foregoing, to the extent that any aspect of the relief sought herein constitutes a use of property under section 363(b) of the Bankruptcy Code, the Debtor seeks a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay under Bankruptcy Rule 6004(h).

33.     Bankruptcy Rule 6003 provides that to the extent relief is necessary to avoid immediate and irreparable harm, a bankruptcy court may approve a motion to "pay all or part of a claim that arose before the filing of the petition" prior to twenty (20) days after the Commencement Date.    Fed. R. Bankr. P. 6003.    As described above and in the Kamp Declaration, uninterrupted service from the Utility Companies is essential to the Debtor's continued operation and reorganization efforts.    The Debtor submits that the relief requested in this Motion is necessary to avoid immediate and irreparable harm to the Debtor, as described herein, and that cause exists under Bankruptcy Rule 6003 for immediate authority to establish the Adequate Assurance Procedures.

## NOTICE

34.     No trustee, examiner, or creditors' committee has been appointed in this Chapter 11 case. Notice of this Motion will be given to: (a) the Office of the United States Trustee; (b) Jennifer C. Hagle, Esq., counsel to the Agents (as defined in the Kamp Declaration); (c) all parties included on the Debtor's list of twenty (20) largest unsecured creditors, and (d) the Utility

ATLANTA:5282374.1

Companies.  The Debtor submits that, under the circumstances, no other or further notice is required.

## NO PRIOR REQUEST

35.   No previous request for the relief sought herein has been made to this or any other court.

## CONCLUSION

WHEREFORE, based upon the foregoing, the Debtor respectfully requests that the Court enter an order substantially in the form annexed hereto (a) granting the relief requested herein and (b) granting such other relief as may be deemed just and proper.

This 1st day of February, 2011.

MCKENNA LONG & ALDRIDGE LLP

s/ J. Michael Levengood
Gary W. Marsh
Georgia Bar No. 471290
J. Michael Levengood
Georgia Bar No. 447934
303 Peachtree Street, Suite 5300
Atlanta, Georgia 30308
404-527-4000 (phone)
404-527-4198 (fax)
gmarsh@mckennalong.com
mlevengood@mckennalong.com

*Proposed Counsel for Southwest Georgia Ethanol, LLC, Debtor in Possession*

ATLANTA:5282374.1

## EXHIBIT A

### List of Utilities

| Utility Vendor Name | Type of Utility |
|---|---|
| Georgia Power | Electricity |
| City of Camilla | Natural Gas and Internet Service |
| AT&T | Telecommunication Services |
| Verizon Wireless | Telecommunication Services |

# UNITED STATES BANKRUPTCY COURT
## MIDDLE DISTRICT OF GEORGIA
## ALBANY DIVISION

| | |
|---|---|
| IN RE: | CHAPTER 11 |
| SOUTHWEST GEORGIA ETHANOL, LLC, | Case No. _____ |
| Debtor. | |

**INTERIM ORDER UNDER BANKRUPTCY CODE SECTIONS 105(a) AND 366 (I)
PROHIBITING UTILITY PROVIDERS FROM ALTERING OR DISCONTINUING
SERVICE ON ACCOUNT OF PREPETITION INVOICES, (II) APPROVING DEPOSIT
AS ADEQUATE ASSURANCE OF PAYMENT, AND (III) ESTABLISHING
PROCEDURES FOR RESOLVING REQUESTS BY UTILITY
COMPANIES FOR ADDITIONAL ASSURANCE OF PAYMENT**

Upon the motion (the "Motion")[1] of the Debtor for an interim and final order,

under sections 105(a) and 366 of the Bankruptcy Code (i) prohibiting the Utility Companies

---

[1]     Capitalized terms not otherwise defined herein shall have the meanings ascribed to such terms in the
Motion.

from altering or discontinuing service on account of prepetition invoices, (ii) approving the adequate assurance of postpetition payment to be provided to the Utility Companies through the adequate assurance arrangements set forth herein, and (iii) establishing the Additional Adequate Assurance Procedures for resolving any Additional Adequate Assurance Requests under Bankruptcy Code section 366(c); and upon consideration of the Kamp Declaration; and due and sufficient notice of the Motion having been given under the particular circumstances; and it appearing that no other or further notice need be provided; and it appearing that the relief requested by the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and after due deliberation thereon; and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED, AND DECREED THAT:**

1.      The Motion is GRANTED on an interim basis, as set forth herein.

2.      Absent further order of this Court, the Utility Companies, including any subsequently added Utility Companies, are prohibited from altering, refusing, or discontinuing service to or discriminating against the Debtor on account of unpaid prepetition invoices or due to the commencement of this Chapter 11 case, or requiring the Debtor to pay a deposit or other security in connection with the provision of postpetition Utility Services, other than in accordance with the Additional Adequate Assurance Procedures contained herein.

3.      The Debtor shall, on or before thirty (30) business days after the Petition Date, pay to Georgia Power a deposit in the amount of $350,000, which amount represents approximately one-month of the Debtor's average amount paid to Georgia Power over the last year.

4.      The Debtor shall not be required to pay the City of Camilla a deposit for the provision of natural gas and internet service to the Debtor in the postpetition period of this

-2-

Chapter 11 case, in light of the fact that the Debtor has paid all amounts due and owing to the City of Camilla for natural gas consumed and internet services used, and the Debtor anticipates that it will timely pay all amounts that come due to the City of Camilla during the postpetition period of this Chapter 11 case.

5.      The Debtor shall not be required to pay AT&T a deposit for the provision of telecommunication services to the Debtor in the postpetition period of this Chapter 11 case, in light of the fact that the Debtor anticipates that it will timely pay all amounts that come due to AT&T during the postpetition period of this Chapter 11 case.

6.      The Debtor shall not be required to pay Verizon Wireless a deposit for the provision of telecommunication services to the Debtor in the postpetition period of this Chapter 11 case, in light of the fact that the Debtor anticipates that it will timely pay all amounts that come due to Verizon Wireless during the postpetition period of this Chapter 11 case.

7.      The foregoing arrangements constitute adequate assurance of future payment to the Utility Companies in satisfaction of the requirements of Section 366 of the Bankruptcy Code.

8.      The Additional Adequate Assurance Procedures are hereby approved as follows:

(a)      In the event that a Utility Company maintains that the adequate assurance arrangements set forth herein are not satisfactory adequate assurance of payment as contemplated by section 366(c)(2) of the Bankruptcy Code, the Utility Company must serve a request (an "Additional Adequate Assurance Request") for adequate assurance on the Debtor via its counsel at the following addresses: McKenna Long & Aldridge, LLP, 303 Peachtree Street, NE, Atlanta, Georgia, 30308 (Attn: J. Michael Levengood), so that it is actually received within thirty (30) days after the Petition Date "Additional Adequate Assurance Request Deadline") .

(b)      Any Additional Adequate Assurance Request must: (i) be made in writing, (ii) set forth the location for which Utility Services are provided, (iii) include a summary of the Debtor's payment history relevant to the affected accounts, including any security deposit, (iv) set forth what the Utility Company would accept as satisfactory adequate assurance of payment, (v) explain why the requesting Utility Company believes the proposed adequate assurance arrangements set forth herein are not

-3-

adequate assurance as future payment and (vi) provide a fax and electronic mail address to which the Debtor may respond to the Additional Adequate Assurance Request.

(c)     The Debtor shall have until twenty-five (25) days after the Additional Adequate Assurance Request Deadline (the "Resolution Period") to negotiate and resolve the requesting Utility Company that serves an Additional Adequate Assurance Request. The Debtor and the applicable Utility Company also may agree to extend the Resolution Period.

(d)     Without further order of the Court, the Debtor may enter into agreements granting additional adequate assurance to a Utility Company serving a timely Additional Adequate Assurance Request, and without further Order of the Court, if the Debtor, in its discretion, determines that the Additional Adequate Assurance Request is reasonable or if the parties negotiate alternate consensual provisions.

(e)     If the Debtor determines that an Additional Adequate Assurance Request is not reasonable and is not able to reach an alternative resolution with the Utility Company during the Resolution Period, the Debtor, during or immediately after the Resolution Period, will request a hearing before the Court to determine the adequacy of assurance of payment with respect to a particular Utility Company, pursuant to section 366(c)(3) of the Bankruptcy Code (the "Determination Hearing").

(f)     Pending resolution of any such Determination Hearing, the Utility Company shall be prohibited from altering, 'refusing, or discontinuing services to the Debtor on account of unpaid prepetition invoices or any objections to the Debtor's adequate assurance arrangements set forth herein, or due to the commencement of this Chapter 11 case.

(g)     Any Utility Company that does not serve an Additional Adequate Assurance Request by the Additional Adequate Assurance Request Deadline shall be deemed to have received adequate assurance of payment that is satisfactory to such Utility Company within the meaning of section 366(c)(2) of the Bankruptcy Code.

9.     The Debtor is authorized, in its sole discretion, to amend Exhibit A attached hereto to add or delete any Utility Company. The Debtor shall serve a copy of the Motion and this Order on such subsequently identified Utility Companies. Such Utility Companies shall then have thirty (30) days from the service of the Motion and the Order to make an Additional Adequate Assurance Request.

-4-

10.    The inclusion or exclusion of any entity on or from Exhibit A or on or from any amended Exhibit A shall not constitute an admission that such entity is or is not a Utility Company within the meaning of Bankruptcy Code section 366.  This Order specifically reserves the rights of the Debtor to argue that (a) any of the entities now or hereafter listed on Exhibit A are not "utilities" within the meaning of Bankruptcy Code section 366, and (b) any such entity is compelled by contractual obligation, state or local law, or otherwise, to continue to furnish services to the Debtor notwithstanding the Debtor's filing for relief under Chapter 11 of the Bankruptcy Code.

11.    In the event that any Utility Company, including a subsequently added Utility Company, files and/or serves an Additional Adequate Assurance Request after the Additional Adequate Assurance Request Deadline, or, if applicable, the deadline established in paragraph 8 above, such request shall be treated as a request under Bankruptcy Code section 366(c)(3) and shall be granted, if at all, only after the Utility Company making such request schedules such request for hearing, on notice, in accordance with the provisions of the Bankruptcy Code and the Federal Rules of Bankruptcy Procedure.

12.    The Debtor is authorized to pay on a timely basis in accordance with its prepetition practices all undisputed invoices in respect to postpetition Utility Services rendered by the Utility Companies to the Debtor.

13.    A Utility Company shall be deemed to have adequate assurance of payment under Section 366 of the Bankruptcy Code unless and until (a) the Debtor, in its discretion, agrees to an alternative assurance of payment with the Utility Company during the Resolution Period; or (b) this Court enters an order at the Final Hearing or any Determination Hearing requiring that additional adequate assurance of payment be provided.

-5-

14.     A Final Hearing, if required, to consider the Motion and proposed final order is scheduled for _____ 2011 at _____ __.m. (Prevailing Eastern Time) before this Court. Any objections to the relief requested in the Motion must be filed with the Clerk of the Bankruptcy Court and served upon and received by: (a) the Office of the United States Trustee; (b) Jennifer C. Hagle, Esq., counsel to the Agents (as defined in the Kamp Declaration); (c) all parties included on the Debtor's list of twenty (20) largest unsecured creditors, and (d) counsel for the Debtor, on or before _____, 2011 at __:__ _.__. (Prevailing Eastern Time).  If no objections are filed to the Motion, the Court may enter the final order without further notice or hearing.

15.     The Debtor shall serve a copy of the Motion and this Order by United States mail, first class postage pre-paid, on (a) the Office of the United States Trustee; (b) Jennifer C. Hagle, Esq., counsel to the Agents (as defined in the Kamp Declaration); (c) all parties included on the Debtor's list of twenty (20) largest unsecured creditors, and (d) the Utility Companies identified on Exhibit A (collectively, the "Initial Notice Parties").

16.     Notwithstanding Bankruptcy Rule 6004(h), to the extent applicable, this Order shall be effective and enforceable immediately upon entry hereof.

17.     Nothing in this Order or the Motion shall be deemed to constitute the assumption or adoption of any agreement under Bankruptcy Code section 365.

18.     The requirements of Rule 6003(b) are satisfied by the contents of the Motion or otherwise deemed waived.

19.     The Debtor shall, within three (3) business days hereof, serve a copy of this Order on all parties that received notice of the Motion, as well as all parties that have appeared in this

ATLANTA:5282374.1

Chapter 11 case and requested notice since the Debtor filed the Motion, and file a certificate of service evidencing such service.

20.     Notwithstanding anything to the contrary in this Order, the relief herein is granted solely to the extent that it is consistent with the *Interim Order (I) Authorizing the Debtor to (A) Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 363(c), 363(d), 363(e), 364(c), 364(d)(1), 364(e), and 507(b) and (B) Utilize Cash Collateral of Prepetition Secured Parties, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and 4001(c), and (IV) Granting Related Relief* (the "Interim Order") and the Final Order (as defined in the Interim Order) with respect thereto, as applicable, and solely to the extent any payment authorized by this Order is provided for in the Approved Budget (as defined in the Interim Order and the Final Order, as applicable).

**- End of Document -**

-7-

**Prepared and Presented by:**

MCKENNA LONG & ALDRIDGE LLP

s/ J. Michael Levengood
Gary W. Marsh
Georgia Bar No. 471290
J. Michael Levengood
Georgia Bar No. 447934
303 Peachtree Street, Suite 5300
Atlanta, Georgia 30308
404-527-4000 (phone)
404-527-4198 (fax)
gmarsh@mckennalong.com
mlevengood@mckennalong.com

*Proposed Counsel for Southwest Georgia
Ethanol, LLC, Debtor in Possession*

ATLANTA:5282374.1

## EXHIBIT A

### List of Utilities

| Utility Vendor Name | Type of Utility |
|---|---|
| Georgia Power | Electricity |
| City of Camilla | Natural Gas and Internet Service |
| AT&T | Telecommunication Services |
| Verizon Wireless | Telecommunication Services |