UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF GEORGIA
ALBANY DIVISION

| | |
|---|---|
| IN RE:<br><br>SOUTHWEST GEORGIA ETHANOL, LLC,<br><br><br>Debtor. | CHAPTER 11<br><br>Case No. _____ |

**MOTION FOR AN ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 503(b),
(I) CONFIRMING GRANT OF ADMINISTRATIVE EXPENSE
STATUS TO OBLIGATIONS ARISING FROM PREPETITION DELIVERY
OF GOODS RECEIVED BY THE DEBTOR WITHIN 20 DAYS OF THE
COMMENCEMENT DATE OF THIS CHAPTER 11 CASE, (II) CONFIRMING GRANT
OF ADMINISTRATIVE EXPENSE STATUS TO OBLIGATIONS ARISING
FROM POSTPETITION DELIVERY OF GOODS AND SERVICES, AND
(III) AUTHORIZING, BUT NOT DIRECTING, THE DEBTOR TO PAY
<u>SUCH OBLIGATIONS IN THE ORDINARY COURSE OF BUSINESS</u>**

COMES NOW, Southwest Georgia Ethanol, LLC, the debtor and debtor-in-possession in the above-captioned Chapter 11 case (the "<u>Debtor</u>"), and hereby moves for entry of an order pursuant to 11 U.S.C. §§ 105 and 503(b) (the "<u>Bankruptcy Code</u>"), (i) confirming grant of administrative expense status to obligations, arising from prepetition delivery of goods received by the Debtor within 20 days of the commencement date of this Chapter 11 case, (ii) confirming grant of administrative expense status to obligations arising from postpetition delivery of goods and services, and (iii) authorizing, but not directing, the Debtor to pay such obligations in the ordinary course of business (the "<u>Motion</u>"). In support of the Motion, the Debtor relies upon and incorporates by reference the Declaration of Lawrence Kamp in Support of First Day Motions

(the "Kamp Declaration"), filed concurrently herewith. In further support of the Motion, the Debtor, by and through its undersigned counsel, respectfully represents:

## JURISDICTION

1.      This Court has jurisdiction to consider this Motion under 28 U.S.C. §§ 157 and 1334. This is a core proceeding under 28 U.S.C. § 157(b). Venue of this Chapter 11 case and this Motion in this district is proper under 28 U.S.C. §§ 1408 and 1409. The statutory predicates for the relief requested herein are sections 105 and 503(b)(9) of the Bankruptcy Code.

## BACKGROUND

2.      On the date hereof (the "Petition Date"), the Debtor filed its voluntary petition for relief under the Bankruptcy Code. The Debtor is authorized to operate its business as a debtor-in-possession pursuant to Sections 1107 and 1108 of the Bankruptcy Code.

3.      No creditors' committee has been appointed by the United States Trustee in this Chapter 11 case. No trustee or examiner has been appointed in this Chapter 11 case

4.      A description of the Debtor's business, the reasons for filing this Chapter 11 case, and the relief sought from this Court to allow for a smooth transition into operations under Chapter 11 are set forth in the Kamp Declaration filed with the Court.

## RELIEF REQUESTED

5.      By this Motion, the Debtor seeks, pursuant to sections 105 and 503(b) of the Bankruptcy Code, an order (i) confirming grant of administrative expense status to obligations arising from prepetition delivery of goods received by the Debtor within 20 days of the commencement date of this Chapter 11 case, (ii) confirming grant of administrative expense status to obligations arising from postpetition delivery of goods, supplies, products and materials, and (iii) authorizing, but not directing, the Debtor to pay such obligations in the ordinary course of business and in accordance with the Debtor's postpetition financing.

## BASIS FOR RELIEF

6. In the ordinary operation of the Debtor's business, the Debtor requires certain goods, such as corn, chemical substances, natural gas, denaturants (e.g. unleaded gasoline or liquid natural gas), as well as other substances (collectively, the "Goods") to produce ethanol and its co-products. In connection with the purchase of these goods, the Debtor also requires services (the "Services") from assorted subcontractors, suppliers, and vendors, including farmers and local grain elevators, chemical suppliers, gasoline suppliers, and natural gas suppliers (the "Vendors"). Prior to the commencement of this Chapter 11 case, the Debtor placed orders with certain Vendors for Goods. Certain of these Vendors delivered Goods to the Debtor within 20 days of the filing date of this Chapter 11 case (the "20-Day Goods"). The Debtor estimates that approximately $3,100,000 in respect of such 20-Day Goods will become due and payable during the next thirty (30) days.

### A. Goods Delivered Within 20 Days Of The Filing Date Are Administrative Expense Claims

7. As of the Petition Date, certain of the Vendors have not been paid for the 20-Day Goods. Because the Debtor relies so heavily on the delivery of the Goods for the Debtor's production of ethanol and distiller grains, timely delivery of the Goods is critical. Many Vendors may not be sophisticated in the complexities of Chapter 11 cases and may require additional confirmation that payment for Goods and Services provided will occur in a timely manner. Should one of these Vendors decide not to deliver Goods during the course of this Chapter 11 case out of fear that it will not be paid, it would be difficult to replace such Vendors in the short term and consequently, the Debtor may have to shut down, or reduce production at its manufacturing plant. This, in turn, could cause a disruption of shipments to customers, resulting in irreparable harm to the Debtor and its estate. If the Debtor does not timely pay the Vendors

and maintain its goodwill, the Debtor's relationship with the Vendors could be damaged and its business relationships could be undermined, thus, jeopardizing a successful reorganization.

8. The Vendors' claims relating to the 20-Day Goods are administrative expenses. The Debtor ordered the Goods prepetition, and the Vendors delivered the Goods to the Debtor within 20 days of the commencement date of this Chapter 11 case. The Debtor has not paid for the 20-Day Goods as of the Petition Date. The Debtor believes that it must pay the claims of the Vendors with respect to the 20-Day Goods, or the Vendors may refuse to continue to do business with the Debtor. For example, many of the providers of corn are local farmers who, during the next month will be making decisions regarding crop rotation, and the Debtor relies on them to plant corn that the Debtor will purchase for delivery at maturity this summer. If the Debtor does not pay these farmers for the 20-Day Goods, then they may choose not to plant corn, to the detriment of the Debtor and parties in interest in this Chapter 11 case.

9. The Debtor is not seeking to change the amounts owed to the Vendors or the priority in which creditors are paid in this Chapter 11 case. Rather, the Debtor is only seeking to process payments, in its discretion, to the Vendors' claims because those claims, as they related to the 20-Day Goods, are afforded administrative expense status by the Bankruptcy Code. In addition, all claims relating to the 20-Day Goods will be paid in accordance with the Approved Budget (as defined in the Kamp Declaration).

10. In return for receiving prompt payment on account of obligations arising with respect to any 20-Day Goods, the Vendors, through the endorsement of any check for payment in respect of such 20-Day Goods, shall be deemed to have agreed to continue supplying Goods to the Debtor at prevailing market prices in accordance with the terms and conditions (including payment terms) pursuant to historical practices in effect between such Vendor and the Debtor in

the twelve months prior to the Petition Date, or such other terms and conditions as are agreed to by the Debtor and the applicable Vendor. Specifically, by their endorsement of any check for payment in respect of such 20-Day Goods, Vendors that agreed prior to the Petition Date to deliver Goods to the Debtor during calendar year in 2011 shall be deemed to have agreed to supply such Goods to the Debtor on the same terms as previously agreed. The Debtor reserves all of its rights, specifically including the right to pursue all remedies with respect to the non-performance or breach by any Vendor of any outstanding obligation owing to the Debtor pursuant to outstanding executory contracts or otherwise.

### B.  Obligations Arising From Postpetition Delivery Of Goods And Services Are Administrative Expense Claims

11.  Under the provisions of section 503(b)(1)(A) of the Bankruptcy Code, all obligations that arise in connection with the postpetition delivery of Goods (the "Postpetition Goods") and Services (the "Postpetition Services") to the Debtor are, by definition, administrative expenses. Therefore, the Debtor believes that it has authority to make payment for the Postpetition Goods and Postpetition Services received regardless of the time when the orders for such Goods or Services were placed. Moreover, the Debtor believes that it has authority to make progress payments, in its discretion, to ensure such delivery of Postpetition Goods and Services.

12.  The continued supply of Postpetition Goods and Postpetition Services is crucial to the Debtor's business. Without a continuous supply of Postpetition Goods and Postpetition Services, the Debtor's ethanol production, marketing, and distribution operations cannot continue to operate. Any interruption or disruption in the relationship between the Debtor and Vendors would be harmful and detrimental to the Debtor's business and could fundamentally undermine the Debtor's reorganization efforts.

13. The Debtor's relationships with its Vendors are so essential and its need for Goods to be shipped and Services provided on a timely basis is so acute that the Debtor believes it is crucial to reassure its Vendors that its valid claims will be paid by the Debtor in the ordinary course of business. The Debtor believes that payment of claims for 20-Day Goods and Postpetition Goods and Postpetition Services are essential to enabling the Debtor to continue its business and for the Debtor to successfully reorganize. Therefore, the Debtor seeks to pay these administrative expenses in the ordinary course of business.

## APPLICABLE AUTHORITY

### C. Payment For Goods Delivered Within 20 Days Of The Filing Date Is Necessary And Appropriate.

14. Pursuant to section 503(b)(9) of the Bankruptcy Code, the Vendors' claims relating to the 20-Day Goods will be administrative expenses at the end of this Chapter 11 case. Section 503(b)(9) provides that:

> After notice and a hearing, there shall be allowed administrative expenses, other than claims allowed under section 502(f) of this title, including –
>
> \*      \*      \*
>
> (9) the value of goods received by the debtor within 20 days before the date of commencement of a case under this title in which the goods have been sold to the debtor in the ordinary course of such Debtor's business.

11 U.S.C. § 503(b)(9); see also In re Rio Valley Motors Co., LLC, Case No. 11-06-11866-SS, 2008 WL 824271 (Bankr. D.N.M. Mar. 24, 2008) (holding that section 503(b)(9) of the Bankruptcy Code gave administrative priority to prepetition claim of automobile insurance company for value of vehicle delivered to debtor car dealership within 20 days of date of chapter 11 bankruptcy filing).

15. Additionally, bankruptcy courts have held that the timing of the payment of administrative expenses allowed under section 503(b)(9) is within the discretion of the court. See In re Tubular Techs., LLC, 372 B.R. 820, 824, n.4 (Bankr. D.S.C. 2007) (court held that timing of payment of administrative expense allowed under section 503(b)(9) is within discretion of bankruptcy court); In re Bookbinders' Rest, Inc., 2006 WL 3858020, at *3-4 (Bankr. E.D. Pa. Dec. 28, 2006) (quoting In re Garden Ridge Corp., 323 B.R. 136, 143 (Bankr. D.N.J. 2005) (court held that timing of payment of administrative expense allowed under section 503(b)(9) is within discretion of bankruptcy court and that before compelling chapter 11 debtor to pay allowed administrative expense judge may consider potential "prejudice to the debtor, hardship to the claimant, and … detriment to other creditors.").

### D. Payment For Goods Delivered And Services Provided After The Filing Date Is Necessary And Appropriate.

16. Section 503(b)(1)(A) of the Bankruptcy Code governs the allowance of administrative expenses, including "the actual, necessary costs and expenses of preserving the estate, including wages, salaries, or commissions for services rendered after the commencement of the case." 11 U.S.C. § 503(b)(1)(A). Administrative expense priority status is granted when "the debt both (1) 'arise[s] from a transaction with the debtor-in-possession' and (2) is 'beneficial to the debtor-in-possession in the operation of the business.'" In re Jartran, Inc., 732 F.2d 584, 587 (7th Cir. 1984) (quoting In re Mammoth Mart, Inc., 536 F.2d 950, 954 (1st Cir. 1976)); see also In re Moltech Power Sys., Inc., 273 B.R. 268, 271 (Bankr. N.D. Fla. 2002); In re CP III Ltd. P'ship., 224 B.R. 206, 208 (Bankr. M.D. Fla. 1998).

17. The postpetition receipt and acceptance of the Postpetition Goods and Postpetition Services satisfies the first element of the foregoing test. With respect to the second element, not only are the Postpetition Goods and Postpetition Services beneficial to the Debtor, they are

absolutely critical for the uninterrupted operation of the Debtor's production facilities. Without such Postpetition Goods and Postpetition Services, the Debtor cannot manufacture and deliver ethanol and other related product, including distillers grains and carbon dioxide, to its customers. Accordingly, the Debtor's receipt of Postpetition Goods and Postpetition Services gives rise to postpetition claims in favor of the Vendors, claims that are entitled to administrative expense priority status under section 503(b) of the Bankruptcy Code.

18. For all of the foregoing reasons, the relief requested herein should be granted.

E. **Bankruptcy Rule 6003 Has Been Satisfied**

19. The Debtor further submits that because the relief requested is necessary to avoid immediate and irreparable harm to the Debtor for the reasons set forth herein, Bankruptcy Rule 6003 has been satisfied.

20. To successfully implement the foregoing, the Debtor seeks a waiver of the notice requirements under Bankruptcy Rule 6004(a) and the fourteen-day stay under Bankruptcy Rule 6004(h).

**NOTICE**

21. No trustee, examiner, or creditors' committee has been appointed in this Chapter 11 case. Notice of this Motion will be given to: (a) the Office of the United States Trustee; (b) Jennifer C. Hagle, Esq., counsel to the Agents (as defined in the Kamp Declaration); and (c) all parties included on the Debtor's list of twenty (20) largest unsecured creditors. The Debtor submits that, under the circumstances, no other or further notice is required.

22. No previous request for the relief sought herein has been made to this Court or any other court.

ATLANTA:5282366.1

## CONCLUSION

WHEREFORE, based upon the foregoing, the Debtor respectfully requests that the Court enter an order substantially in the form annexed hereto (a) granting the relief requested herein and (b) granting such other relief as may be deemed just and proper.

This 1st day of February, 2011.

                                                     MCKENNA LONG & ALDRIDGE LLP

                                                     s/ J. Michael Levengood
                                                     Gary W. Marsh
                                                     Georgia Bar No. 471290
                                                   J. Michael Levengood
                                                   Georgia Bar No. 447934
                                                   303 Peachtree Street, Suite 5300
                                                   Atlanta, Georgia 30308
                                                   404-527-4000 (phone)
                                                   404-527-4198 (fax)
                                                   gmarsh@mckennalong.com
                                                   mlevengood@mckennalong.com

                                                   *Proposed Counsel for Southwest Georgia Ethanol, LLC, Debtor in Possession*

### UNITED STATES BANKRUPTCY COURT
### MIDDLE DISTRICT OF GEORGIA
### ALBANY DIVISION

| | |
|---|---|
| IN RE:<br><br>SOUTHWEST GEORGIA ETHANOL, LLC,<br><br><br><br>Debtor. | CHAPTER 11<br><br>Case No. _____ |

**ORDER PURSUANT TO 11 U.S.C. §§ 105 AND 503(b), (I) CONFIRMING GRANT OF ADMINISTRATIVE EXPENSE STATUS TO OBLIGATIONS ARISING FROM PREPETITION DELIVERY OF GOODS RECEIVED BY THE DEBTOR WITHIN 20 DAYS OF THE COMMENCEMENT DATE OF THIS CHAPTER 11 CASE, (II) CONFIRMING GRANT OF ADMINISTRATIVE EXPENSE STATUS TO OBLIGATIONS ARISING FROM POST PETITION DELIVERY OF GOODS AND SERVICES AND (III) AUTHORIZING, BUT NOT DIRECTING, THE DEBTOR TO PAY SUCH OBLIGATIONS IN THE ORDINARY COURSE OF BUSINESS**

Upon the motion (the "Motion")[1] of the Debtor for an order pursuant to 11 U.S.C. §§ 105 and 503(b)(9) of the Bankruptcy Code, (i) confirming grant of administrative expense status to obligations arising from prepetition delivery of Goods received by the Debtor within 20 days of the commencement date of this Chapter 11 case, (ii) confirming grant of administrative expense status to obligations arising from prepetition delivery of Goods and Services received postpetition, and (iii) authorizing, but not directing, the Debtor to pay such obligations in the ordinary course of business; and the Court having reviewed the Motion; and the Court having determined that the relief requested in this Motion is in the best interests of the Debtor, its estate, its creditors and other parties-in-interest; and it appearing that notice of the Motion was good and sufficient under the particular circumstances and that no other or further notice need be given; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor, it is hereby

**ORDERED, ADJUDGED AND DECREED THAT:**

1. The Motion is GRANTED.

2. The prepetition claims of the Vendors arising as a result of providing the Debtor with 20-Day Goods shall have administrative expense priority claim status and the Debtor is authorized, but is not required, to pay the undisputed claims for 20-Day Goods in the ordinary course of business.

3. In return for receiving prompt payment on account of obligations arising with respect to any 20-Day Goods, the Vendors, through the endorsement of any check for payment or other written acknowledgment in respect of such 20-Day Goods, shall be deemed to have

---

[1] Unless otherwise defined herein, capitalized terms used herein shall have the meanings ascribed to them in the Motion.

agreed to continue supplying Goods to the Debtor at prevailing market prices in accordance with the most favorable terms and conditions (including payment terms) pursuant to historical practices in effect between such Vendor and the Debtor in the twelve months prior to the Petition Date, or such other terms and conditions as are agreed to by the Debtor and the applicable Vendor. Specifically, by their endorsement of any check for payment in respect of such 20-Day Goods, Vendors that agreed prior to the Petition Date to deliver Goods to the Debtor during calendar year in 2011 shall be deemed to have agreed to supply such Goods to the Debtor on the same terms as previously agreed.

4. The Vendors shall have administrative expense priority claims under 11 U.S.C. § 503(b) for those undisputed obligations arising relating to Postpetition Goods or Postpetition Services received and accepted by the Debtor on or after the Petition Date and the Debtor is authorized but not directed to pay those obligations arising from the delivery of Postpetition Goods or Postpetition Services (regardless of whether Postpetition Goods or Postpetition Services were ordered by the Debtor before or after the Petition Date).

5. For purposes of this Order, Goods and Services shall be deemed to be delivered to the Debtor postpetition (a) if possession or control of such Goods is transferred to the Debtor on or after the Petition Date, (b) if, pursuant to a contract or applicable nonbankruptcy law, risk of loss of such Goods passes to the Debtor on or after the Petition Date, or (c) if Services are rendered to benefit the Debtor's estate on or after the Petition Date.

6. The Debtor's performance under any executory contract shall not constitute an assumption of any executory contract under section 365 of the Bankruptcy Code, or an agreement by the Debtor to assume any executory contract, nor otherwise preclude the Debtor from seeking the Court's authority to reject any executory contract.

7. The requirements of Bankruptcy Rule 6004(a) are waived.

8. Notwithstanding Bankruptcy Rule 6004(h), this Order shall be effective and enforceable immediately upon entry hereof.

9. The requirements provided by Rule 6003 are satisfied by the contents of the Motion.

10. The Debtor does not waive any rights to assert any objections, defense, claims, counterclaims or offsets based on facts or law to any claims asserted by Vendors, or to pursue all remedies with respect to the non-performance or breach by any Vendor of any outstanding obligation owing to the Debtor pursuant to outstanding executory contracts or otherwise.

11. The Debtor shall, within three (3) business days hereof, serve a copy of this Order on all parties that received notice of the Motion, as well as all parties that have appeared in this Chapter 11 case and requested notice since the Debtor filed the Motion, and file a certificate of service evidencing such service.

12. Notwithstanding anything to the contrary in this Order, the relief herein is granted solely to the extent that it is consistent with the *Interim Order (I) Authorizing the Debtor to (A) Obtain Postpetition Financing Pursuant to 11 U.S.C. §§ 105, 361, 362, 363(c), 363(d), 363(e), 364(c), 364(d)(1), 364(e), and 507(b) and (B) Utilize Cash Collateral of Prepetition Secured Parties, (II) Granting Adequate Protection to Prepetition Secured Parties, (III) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001(b) and 4001(c), and (IV) Granting Related Relief* (the "Interim Order") and the Final Order (as defined in the Interim Order) with respect thereto, as applicable, and solely to the extent any payment authorized by this Order is provided for in the Approved Budget (as defined in the Interim Order and the Final Order, as applicable).

- **End of Document** -

**Prepared and Presented by:**

MCKENNA LONG & ALDRIDGE LLP

s/ J. Michael Levengood
Gary W. Marsh
Georgia Bar No. 471290
J. Michael Levengood
Georgia Bar No. 447934
303 Peachtree Street, Suite 5300
Atlanta, Georgia 30308
404-527-4000 (phone)
404-527-4198 (fax)
gmarsh@mckennalong.com
mlevengood@mckennalong.com

*Proposed Counsel for Southwest Georgia Ethanol, LLC, Debtor in Possession*